Matthew Marks was seized in fee of the Lands in Question and by his last Will and Testament devised several Parcels of Land. One to the Lessor of the Pit. and several other Parcels of Land to others but makes no disposition of any of his personal Estate except 3 feather Beds and in the last Clause of his Will he says, That his Will is that his Lands not disposed of (which are the Lands in Question) be sold by my Executors left in Trust to pay my Debts and Appoints Robert, Norbon and John Avery his Executors (dated 15 Aug’t 1719).
The Executors the 13 June 1721. Exhibits their Account to the County Court by which it appears that the Personal Estate exceeded the Debts and Legacies ^7.15 one of the Ex’ors died and the other John Avery by Indenture dated 8 Jan’ry 1727. for the Consideration of 20.5. Conveyed the Lands in Question to Robert Glover who Sold to the Deft.
There' are two Questions arising upon this Case 1. Whether* by the Surviving Ex’or be good or not. 2. Whether if the* as Debts were paid out of the Personal Estate* of the Purchasor
1. Some Books make a difference where Lands are Devised to Executors to sell, and where the Devise is that his Land shall be Sold by his Ex’ors. for in the first Case an Interest passes and if one Ex’or dies the other may sell. But in the other Case they have only an Authority and in that Case if one dies the other cannot sell* 113. a. b. Gold. 1-2. Dyer 219. Moor 61 Keil. 107. b.*
But the latter Authorities are otherwise, For my Lord Chief Justice Nayles says it hath been held That if a Man Devise Lands to be sold by his Ex’ors, that that will give an Interest — well as if the Land be devised to the Ex’ors to be sold Hard. 4 Barrington vs the Att. general
And the payment of Debts is a good Consideration and when the Land is sold the money is assets in the Ex’ors Hands at Common Law Hardres 405. 1. Lev. 224.
Therefore in this .Case the Exors had an Interest as well as an Authority.
*R45 But here the Exors are made Trustees and a Trust shall Survive
[155] As where a Man Devised that his Land should be sold by two Trustees, and appointed others Executors. One of the Trustees died, and the Survivor and Heir were Decreed to sell, because the Lands were tied with a Trust which shall Survive in Equity Hardres 204.
As to the Second point The purchasor is in by the Devisor, for if a Man Devise that his Wife shall sell his Land and died, and she take another Husband she might sell the Land to her Husband. Co. Lit. 112. And I take it to be a settled point, that in this Case the Purchasor is not concerned whether there be a sufficiency of the Personal Estate or not. But if he buy and pay, tho’ there be sufficient to pay the Debts out of the Personal Estate yet he shall hold the Lands ag’t the Heir and the Heir must take his Remedy against the'Trustee. 2. Cha. Cases 115.
But where Land is devised to pay Debts particularly mentioned it is otherwise 1. Vern. 301.
There is in this Will no Disposition of the Personal Estate, but it is left to the Ex’ors to take it as Ex’ors or otherwise it must be distributed amonst the Children And the truth is that the Ex’or sold the Land that the Children might have something
Now there is a difference where Land is Devised to be sold for payment of Debts and where Lands are chargeable with the payment of Debts In the last Case the Personal Estate shall Exonerate the Real And if there be Personal Assets the Land ought not to be Sold, But in the other Case where the Personal Estate is disposed of (which indeed is not in this Case) the Personal Estate shall only come in aid of the Land if that be deficient 2. Vern. 7. 18. Wainwright vs Brudlows
Yet the Sale in this Case shall bind in respect to the Purchasor And it was Adjudged for the Deft. But the Heir has his remedy against his Ex’ors to reimburse him the value of the Land if there were personal Assets to ^pay the Debts.

Worn out, or tom, in the manuscript. — W. W. S.